**Muthana Yousif AZABO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–72882.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Nov. 14, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert A. Garmo, Esq., Garmo & Garmo, El Cajon, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, John C. Cunningham, Esq., San Francisco, CA, Rena I. Curtis, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD and FISHER, Circuit Judges, and SHADUR,** District Judge.

### MEMORANDUM ***

Muthana Yousif Azabo is a Chaldean Christian native of Iraq who entered the United States in February 2000 and applied for asylum later that same month. The Immigration and Naturalization Service (INS) did not grant his application, and instead referred the application for adjudication by an immigration judge (IJ). During proceedings before the IJ, Azabo conceded his removability from the United States and sought renewal of his asylum application as well as withholding of removal and relief under the United Nations Convention Against Torture. The IJ found that Azabo was not credible and that he had knowingly filed a frivolous asylum application. The IJ ordered Azabo re-

---

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

moved to Iraq. The Board of Immigration Appeals summarily affirmed without opinion. We affirm. Because the parties are familiar with the facts, we do not recite them in detail.

■ "[T]he IJ established a legitimate, articulable basis to question [Azabo's] credibility and offered specific, cogent reasons for disbelief." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Moreover, the IJ's adverse credibility determination was supported by substantial evidence. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Azabo initially testified that he lived in Iraq throughout the 1990s and was drafted in the Iraqi military in 1996. Azabo further testified that while in the military, he was accused of assisting a political prisoner escape, and, as a result, he was jailed and tortured for more than two and a half years before bribing his way to freedom. However, during proceedings before the IJ, the INS presented evidence that Azabo had applied for refugee status with UNHCR in Turkey in 1994 after fleeing military service because he was convicted of disobeying orders.

This evidence of the UNHCR application went to the heart of Azabo's asylum claim because it contradicted his version of events prior to his alleged imprisonment in Iraq.[1] *See Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). When confronted with the evidence presented by the INS, Azabo claimed that he was the victim of identity theft by a distant relative and friend from his hometown, Salam Eziria, who had used his identity to apply for refugee status in Turkey before seeking refuge in Denmark. Yet the only evidence of the mysterious Eziria's existence was a few photographs, a faxed handwritten letter and Azabo's own testimony. And de-

spite claiming that it was Eziria's photograph attached to the UNHCR application, Azabo admitted the photograph actually resembled him rather than Eziria. There is substantial evidence that Azabo rather than Eziria applied for refugee status in Turkey in 1994, and none of the evidence Azabo produced to support his charge of identity theft compels us to reach a contrary conclusion. *See id.* at 993. We therefore affirm the IJ's adverse credibility determination and his denial of asylum on that basis.

■ We also hold that Azabo is not entitled to withholding of removal. "Because [Azabo] cannot meet the lower standard to demonstrate eligibility for asylum, [he] necessarily fails to show that [he] is entitled to a withholding of [removal]." *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001).

■ We affirm the denial of CAT relief. The IJ did not allow the adverse credibility finding from the asylum context simply to "wash over" Azabo's CAT claim. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001). The IJ explicitly considered whether there was independent evidence to support Azabo's contention that it was more likely than not that he would be tortured if removed to Iraq. *See* 8 C.F.R. § 1208.16(c)(2). We hold that the IJ did not abuse his discretion because he stated his reasons for denying CAT relief and "show[ed] proper consideration of all factors when weighing equities and denying relief." *Kamalthas,* 251 F.3d at 1284.

■ The same substantial evidence that supports the IJ's adverse credibility determination supports the IJ's finding that Azabo had knowingly filed a frivolous asy-

---

1. The UNHCR application's stated reason for entering Turkey also suggested that he had unsuccessfully advanced a similar story of persecution by Iraqi military authorities in the past.

lum application, at least some of the material elements of which appear to be deliberately fabricated. *See* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 208.20. The record is clear that the IJ afforded Azabo sufficient opportunity to account for any discrepancies or implausible aspects of his claim, *see* 8 C.F.R. § 208.20, and repeatedly warned Azabo that he risked being permanently ineligible for any benefits under the Immigration and Naturalization Act if he fabricated testimony, *see* 8 U.S.C. § 1158(d)(4).

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.